Filed 6/1/16  P. v. Smith CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>DANIEL SMITH,<br><br>     Defendant and Appellant. | F070794<br><br>(Super. Ct. No. SC058746A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Thomas M. Singman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

_____

[*]Before Detjen, Acting P.J., Peña, J., and Smith, J.

## INTRODUCTION

Appellant Daniel Smith was convicted of rape and being a felon in possession of a firearm in 1982; it also was found true he personally used a firearm in the commission of the rape. On September 23, 1994, Smith was sentenced, pursuant to the three strikes law, to a term of 25 years to life for possession of heroin. Smith filed a petition for recall of the sentence and resentencing pursuant to Penal Code[1] section 1170.126. The petition was denied and Smith appeals. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On March 18, 1982, following a jury trial, Smith was convicted of violating section 261, subdivision (2), rape accomplished by means of force, violence, duress, menace, or fear; and violating former section 12021, being a felon in possession of a firearm. It also was found true that Smith personally used a firearm within the meaning of section 12022.5, in the commission of the rape.

On September 23, 1994, Smith was sentenced as a third strike felon to a term of 25 years to life for possession of heroin in violation of Health and Safety Code section 11350, subdivision (a). Pursuant to section 1170.126, on October 7, 2014, Smith filed a petition to recall the sentence and for resentencing.

The People opposed Smith's petition on the basis that Smith was statutorily ineligible for resentencing. A hearing on the petition was held on December 19, 2014. The trial court denied the petition on the basis Smith was ineligible for resentencing.

On December 26, 2014, Smith filed a notice of appeal of the denial of his petition. Appellate counsel was appointed March 10, 2015. On June 25, 2015, appellate counsel filed a *Wende* brief. Also on June 25, 2015, this court issued its letter to Smith inviting Smith to submit supplemental briefing. No supplemental brief was received.

---

[1]References to code sections are to the Penal Code unless otherwise specified.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d at page 436. Smith did not submit supplemental briefing.

The Three Strikes Reform Act of 2012 (known as Proposition 36) created a postconviction release proceeding for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. If such an inmate meets the criteria enumerated in section 1170.126, subdivision (e), he or she will be resentenced as a second strike offender unless the trial court determines such resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.)

The trial court denied Smith's section 1170.126 petition on the basis he was ineligible. Section 1170.126, subdivision (e)(3) provides that in order to be eligible for resentencing, an inmate must not have suffered any prior conviction for an offense specified in section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv).

Rape by force or fear is a disqualifying prior conviction as it qualifies as a sexually violent offense under Welfare and Institutions Code section 6600, subdivision (b). (§§ 667, subd. (e)(2)(C)(iv)(I), 1170.126, subd. (e)(3).)

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The order denying Smith's section 1170.126 petition is affirmed.